UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEREMIAH ALLEN DEWEY,

       Petitioner,                         Case No. 2:17-cv-10694

v.                                   HONORABLE STEPHEN J, MURPHY, III

CONNIE HORTON,

       Respondent.

_____/

## OPINION AND ORDER SUMMARILY DISMISSING THE PETITION FOR WRIT OF HABEAS CORPUS AND DENYING A CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL *IN FORMA PAUPERIS*

Jeremiah Allen Dewey is confined at the Chippewa Correctional Facility in Kincheloe, Michigan and seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his pro se application, Dewey challenges his conviction and sentence for five counts of first-degree criminal sexual conduct, Mich. Comp. Laws § 750.520b. For the reasons stated below, the application for a writ of habeas corpus will be summarily dismissed without prejudice.

## BACKGROUND

Dewey was convicted following a jury trial in the Presque Isle County Circuit Court that involved two consolidated cases.  He was sentenced to concurrent terms of 13 to 25 years in prison in one case, and 22 to 40 years in the other. The Michigan Court of Appeals remanded the case for re-sentencing, *People v. Dewey*, No. 324275, 2016 WL 620147 (Mich. Ct. App. Feb. 16, 2016), *lv. den.* 500 Mich. 855 (2016), and on October 3, 2016,

1

Dewey was re-sentenced to the same term of 22 to 40 years in prison. The Michigan Supreme Court declined to reopen his old appeal. Dewey also filed a state petition for a writ of habeas corpus in the Montcalm County Circuit Court during the pendency of his appeal of right, but the petition was denied.

Dewey now seeks a writ of habeas corpus on the following grounds:

I.  U.S. Constitutional rights violations of Due Process, Fair Trial, Confront Witness, Obtain Witness.

II.  Ineffective Assistance of Counsel by court appointed attorney Daniel Martin, retained attorney Patrick Crowley, Jacob Sartz, and court appointed appeal attorney Daniel Rust.

III.  Lies and Perjury were allowed to be made by MDHHS CPS worker Brooke Dell and MDHHS Fostercare worker Danielle Myers about this case violating *Hardwick v. Vreeken* 9th District Court.

IV.  Conspiracy to interfere with civil rights.

## DISCUSSION

The petition is subject to dismissal because none of Dewey's claims have been properly exhausted with the state courts. As a general rule, a state prisoner seeking federal habeas relief must first exhaust his available state court remedies before raising a claim in federal court. 28 U.S.C. § 2254(b) and (c); *Picard v. Connor*, 404 U.S. 270, 275–78 (1971). The Antiterrorism and Effective Death Penalty Act (AEDPA) preserves the traditional exhaustion requirement, which mandates dismissal of a habeas petition containing claims that a petitioner has a right to raise in the state courts but has not. *See Welch v. Burke*, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999). Accordingly, a prisoner confined pursuant to a Michigan conviction must raise each habeas issue in both the Michigan Court of Appeals and in the Michigan Supreme Court before seeking federal

2

habeas corpus relief. *Mohn v. Bock,* 208 F. Supp. 2d 796, 800 (E.D. Mich. 2002). The petitioner has the burden of proving that he has exhausted his state court remedies, *Sitto v. Bock,* 207 F. Supp. 2d 668, 675 (E.D. Mich. 2002), and the failure to exhaust state court remedies may be raised *sua sponte* by a federal court, *see Benoit v. Bock,* 237 F. Supp. 2d 804, 806 (E.D. Mich. 2003); *see also* 28 U.S.C. § 2254(b)(3) (requiring a state's waiver of the exhaustion requirement to be expressly made through counsel).

At the outset, Dewey's motion before the Michigan Supreme Court to reopen his appeal was untimely. Dewey claims that he attempted to present his four instant claims to that court, but it sent him a letter on November 7, 2016 informing him that it considered the case closed. *See* Application, ECF 1, PgID 4. The Michigan Supreme Court denied Dewey's original application for leave to appeal on September 6, 2016. Under Michigan Court Rule 7.311(F), Dewey then had 21 days to file a motion for rehearing. He did not file his application to reopen the appeal until October 30, 2016 — well after the 21-day period expired.

Moreover, the Michigan Supreme Court was precluded from considering the issues Dewey raised in the motion to reopen. When an appellant fails to appeal an issue to the Michigan Court of Appeals, the issue is considered waived before the Michigan Supreme Court. *Lawrence v. Will Darrah & Assocs., Inc.,* 445 Mich. 1, 4 n.2 (1994). By Dewey's own admission, he did not raise any of his claims in his appeal brief before the Michigan Court of Appeals, and a review of the appeal brief confirms the absence of the claims. *See* Appellant's Br. on Appeal, ECF 1-2, PgID 213–54.

Dewey has therefore failed to meet the exhaustion requirement. Raising a claim for the first time before the state courts on discretionary review does not amount to a "fair

3

presentation" of the claim to the state courts for exhaustion purposes. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989). Because Dewey failed to present his claims on his appeal of right with the Michigan Court of Appeals, his subsequent attempt to present those claims to the Michigan Supreme Court does not satisfy the exhaustion requirement for habeas purposes. *See Skinner v. McLemore,* 425 F. App'x 491, 494 (6th Cir. 2011); *Farley v. Lafler,* 193 F. App'x 543, 549 (6th Cir. 2006).

Although Dewey argues that he raised the first two of his present claims in his state petition for writ of habeas corpus in the Montcalm County Circuit Court, this does not satisfy the exhaustion requirement. Under Michigan law, an action for writ of habeas corpus may not be brought by or on behalf of persons "convicted, or in execution, upon legal process, civil or criminal." Mich. Comp. Laws § 600.4310(3). That statutory prohibition is consistent with Michigan's rule that habeas corpus cannot serve as a substitute for an appeal and cannot be used to review the merits of a criminal conviction. *Cross v. Dep't of Corr.,* 103 Mich. App. 409, 414–15 (1981) (*citing People v. Price,* 23 Mich. App. 663, 669 (1970)). A writ of habeas corpus in Michigan deals only with radical defects which render a judgment or proceeding absolutely void. *Triplett v. Deputy Warden,* 142 Mich. App. 774, 780 (1985) (*citing In Re Stone,* 295 Mich. 207 (1940)). "A judgment which is merely erroneous, rather than void, is subject to [appellate] review and may not be collaterally attacked in a habeas corpus proceeding." *Id.* at 780–81. The policy of limiting habeas proceedings in Michigan is "premised on the concern that such an action may be abused and substituted for normal appellate proceedings." *Walls v. Dir. of Institutional Servs. Maxie Boy's Training Sch.,* 84 Mich. App. 355, 357 (1978).

Dewey likewise failed to raise his third and fourth claims, but he appears to argue

4

that the exhaustion requirement should be excused because appellate counsel was ineffective for failing to raise these claims on his appeal of right. An exception to the exhaustion requirement exists only if there is no opportunity to obtain relief in the state courts or if the corrective process is so clearly deficient as to render futile any effort to obtain relief in the state courts. *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981); *Sitto v. Bock*, 207 F. Supp. 2d 668, 676 (E.D. Mich. 2002). But a habeas petitioner has the burden to show that all available state court remedies have been exhausted or that exceptional circumstances exist which would make exhaustion unnecessary. *Doty v. Lund*, 78 F. Supp. 2d 898, 901 (N.D. Iowa 1999).

Dewey has not carried his burden. The mere fact that appellate counsel may have been ineffective in failing to raise Dewey's claims on his appeal of right would not render exhaustion futile, because Dewey still has available state court remedies with which to exhaust his claims. Moreover, if Dewey is also seeking habeas relief based on appellate counsel's failure to raise his other claims on his appeal of right, such a claim of ineffective assistance of appellate counsel is itself subject to the exhaustion requirement. *See Baldwin v. Reese,* 541 U.S. 27, 30–33 (2004).

The exhaustion doctrine, in the context of habeas cases, turns on whether there are available state court procedures for a habeas petitioner to exhaust his claims, *see Adams v. Holland,* 330 F.3d 398, 401 (6th Cir. 2003), and Dewey has an available state court remedy with which to exhaust his claims. Under Subchapter 6.500 of the Michigan Court Rules, Dewey can file a post-conviction motion for relief from judgment with the Presque Isle County Circuit Court. *See Wagner v. Smith,* 581 F. 3d 410, 419 (6th Cir. 2009). A denial of that motion would be reviewable by the Michigan Court of Appeals and the

5

Michigan Supreme Court. *See* Mich. Ct. R. 6.509, 7.203, 7.302. Dewey must have appealed any denial of a post-conviction motion to the Michigan Court of Appeals and the Michigan Supreme Court to properly exhaust any claims that he would raise in the motion. *See, e.g., Mohn v. Bock,* 208 F. Supp. 2d 796, 800 (E.D. Mich. 2002). Dewey has not filed a motion and has therefore failed to exhaust his state court remedies.

A district court has the discretion to stay a mixed habeas petition containing both exhausted and unexhausted claims to allow the petitioner to present his unexhausted claims to the state court in the first instance. *See Rhines v. Weber,* 544 U.S. 269, 278 (2005). But here, a stay of Dewey's application for a writ of habeas corpus would be inappropriate, because all of his claims are unexhausted, and thus the Court lacks jurisdiction over the petition while he pursues his claims in state court. *See Raspberry v. Garcia,* 448 F.3d 1150, 1154 (9th Cir. 2006) (declining to extend the stay and abeyance procedure enunciated in *Rhines* when the habeas petition contains only unexhausted claims); *see also Wilson v. Warren,* No. 06-CV-15508, 2007 WL 37756, at * 2 (E.D. Mich. Jan. 4, 2007) (same).

There are no exceptional or unusual circumstances present that would justify holding Dewey's petition in abeyance, rather than dismissing it without prejudice, pending his return to the state courts to exhaust his claims. The Michigan Court of Appeals remanded Dewey's case for re-sentencing. Dewey was re-sentenced on October 3, 2016. Michigan courts have held that a defendant who has already taken an appeal of right from the judgment of conviction can also take a second appeal of right from an order of re-sentencing following a remand from the Michigan Court of Appeals to the trial court for re-

6

sentencing. *People v. Jones,* 394 Mich. 434, 435–36 (1975).[1] Dewey had until November 14, 2016 — 42 days from October 3, 2016 — to file a second appeal of right in this case. Mich. Ct. R. 7.204(A)(2)(c). There is no indication that he filed such an appeal. Nevertheless, Dewey has until April 3, 2017 — six months from October 3, 2016 — to file an application for leave to appeal to the Michigan Court of Appeals. Mich. Ct. R. 7.205(G).

Dewey will not be prejudiced if his habeas petition is dismissed without prejudice during the pendency of his state court appeal. When state appellate courts affirm a habeas petitioner's conviction but reverse his sentence, the judgment against the petitioner becomes final, for commencing the one-year period for filing a habeas petition, when direct review of the new sentence is completed. *See Rashad v. Lafler,* 675 F.3d 564, 567–69 (6th Cir. 2012). Because Dewey was re-sentenced and could still file an appeal from that re-sentencing, the one-year limitations period has yet to commence. Thus, a stay of the proceedings is neither necessary nor appropriate to preserve the federal forum for Dewey's claims. *See Schroeder v. Renico,* 156 F. Supp. 2d 838, 845–46 (E.D. Mich. 2001).

## CONCLUSION

The Court will summarily dismiss the petition for writ of habeas corpus without prejudice and will also deny a certificate of appealability. To obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right by showing that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were

---

[1] Any second appeal, however, would be limited in scope to the issues raised on remand, i.e., from the re-sentencing. *See People v. Kincade,* 206 Mich. App. 477, 481 (1994).

7

adequate to deserve encouragement to proceed further. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000). Jurists of reason would not find debatable the Court's determination that Dewey has failed to exhaust available state court remedies with respect to his conviction. The Court will also deny Dewey leave to appeal *in forma pauperis,* because the appeal would be frivolous. *See Allen v. Stovall,* 156 F. Supp. 2d 791, 798 (E.D. Mich. 2001).

## ORDER

**WHEREFORE**, it is hereby **ORDERED** that the Petition for a Writ of Habeas Corpus is **SUMMARILY DISMISSED WITHOUT PREJUDICE.**

**IT IS FURTHER ORDERED** that a Certificate of Appealability is **DENIED.**

**IT IS FURTHER ORDERED** that Petitioner is **DENIED** leave to appeal *in forma pauperis.*

s/Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: March 28, 2017

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on March 28, 2017, by electronic and/or ordinary mail.

s/David P. Parker
Case Manager

8